1  KAEMPFER CROWELL
   Robert McCoy, No. 9121
2  1980 Festival Plaza Drive, Suite 650
   Las Vegas, Nevada 89135
3  Telephone:  (702) 792-7000
   Facsimile:  (702) 796-7181
4  Email: rmccoy@kcnvlaw.com

5  STEPTOE LLP
   Michael J. Allan *(pro hac vice)*
6  1330 Connecticut Ave., NW
   Washington, DC 20036
7  Telephone:  (202) 429-3000
   Email: mallan@steptoe.com

8
   ZACHARIA LAW PLLC
9  John H. Zacharia *(pro hac vice)*
   1701 Pennsylvania Ave., NW, Suite 200
10 Washington, DC 20006
   Telephone:  (202) 845-5091
11 Email: john@zacharialaw.com

12 Attorneys for Plaintiff Louis Vuitton
   Malletier S.A.S.
13

14             UNITED STATES DISTRICT COURT

15                  DISTRICT OF NEVADA

16 LOUIS VUITTON MALLETIER S.A.S.,   | Case No. 2:25-cv-01574-RFB-EJY

17            Plaintiff,

18 vs.                                | **STIPULATED DISCOVERY PLAN
                                        AND** ~~PROPOSED~~ **SCHEDULING
19 FANTASTIC INDOOR SWAP MEET,          ORDER**
   INC.; and ARTHUR LAMENSDORF,
20 JR.,                               | **SPECIAL SCHEDULING REVIEW
                                        REQUESTED**
21            Defendants.

22

23

24

Pursuant to Fed. R. Civ. P. 26(f), LR 26-1(a), plaintiff Louis Vuitton Malletier S.A.S. ("Louis Vuitton") and defendants Fantastic Indoor Swap Meet, Inc. and Arthur Lamensdorf, Jr. ("Defendants") (all collectively the "Parties") submit the following Stipulated Discovery Plan and Proposed Scheduling Order:

## I.    MEETING

The Parties' counsel met telephonically for a Fed. R. Civ. P. 26(f) conference on November 12, 2025.

## II.    INITIAL DISCLOSURES

The Parties will make Fed. R. Civ. P. 26(a)(1) initial disclosures on or before December 8, 2025.

## III.    PROTECTIVE ORDER

The Parties intend to seek a protective order under Fed. R. Civ. P 26(c) to facilitate document production and disclosure, while protecting the Parties' respective interests in their confidential information. The Parties will submit a proposed protective order in a separate filing.

## IV.    DISCOVERY PLAN

The Parties jointly propose the following discovery plan:

### A.    Discovery Cut-Off Date.

The Parties propose that the cut-off date for all discovery end on July 15, 2026.  The Parties propose that a separate fact discovery deadline be part of the discovery scheduling order and that fact discovery run until April 30, 2026. This exceeds the 180-day presumptive outside limit provided by LR 26-1(b)(1) for completing discovery for the reasons explained in Section V below.

KAEMPFER
CROWELL

21734.2

**B.      Fed. R. Civ. P. 26(a) Disclosures (Experts).**

The Parties propose that Fed. R. Civ. P. 26(a)(2) disclosures of experts and expert reports proceed as follows:

      1.      All parties shall disclose initial experts and expert reports by May 15, 2026.

      2.      All parties shall disclose rebuttal experts and their reports by June 15, 2026.

      3.      All expert discovery should be completed no later than the overall discovery cut-off of July 15, 2026.

**C.      Amending the Pleadings and Adding Parties.**

The parties shall file any motions to amend the pleadings or to add parties no later than May 1, 2026.  This date is 90 days before the discovery cut-off.

**D.      Dispositive Motions.**

The parties shall have until August 15, 2026 to file dispositive motions. This date is 30 days after the expert discovery cut-off.

**E.      Pretrial Disclosures/Order.**

The joint pretrial order shall be filed no later than September 15, 2026 unless a dispositive motion is filed in which case the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

**V.      JUSTIFICATION FOR LONGER DICOVERY PERIOD**

The Parties believe the Court should permit a longer period for discovery than what is provided in LR 26-1(b)(1) for several reasons.  This is a case based on claims of secondary trademark liability.  The Parties expect there may be

KAEMPFER
CROWELL

21734.2

1  discovery directed to several third parties with respect to both the underlying

2  allegations of direct infringement, and claims and/or defenses concerning the

3  contributory liability claims.  In addition, Plaintiff expects that early discovery is

4  likely to lead to the identification of other parties that may need to be joined in the

5  case.  The Parties respectfully submit that this elongated discovery schedule is

6  reasonable in view of the expected fact and expert discovery in this case.

7        The Parties submit that their proposed discovery plan is an efficient and

8  realistic schedule for completing the significant amount of discovery contemplated

9  in this case.

10 **VI.    AGREEMENT FOR SERVICE OF DISCOVERY BY EMAIL**

11       The Parties agree that, as permitted by Fed. R. Civ. P. 5(b)(2)(E), any

12 party may serve discovery disclosures, requests, responses, or notices on counsel for

13 the other Parties in this case by email and that such email service will constitute

14 complete service under Fed. R. Civ. P. 5(b) so long as it is served by email on all

15 listed counsel of record.

16       This agreement will apply to any and all discovery made or requested

17 under Fed. R. Civ. P. 26, 27, 30, 31, 33, 34, 35, 36, and 45.

18 **VII.  OTHER ISSUES**

19     **A.    Alternative Dispute Resolution.**

20       The Parties have conferred about the possibility of using alternative

21 dispute resolution processes.  The Parties agree this issue is best addressed after

22 some discovery has taken place.

23

24

KAEMPFER

CROWELL

21734.2

**B.      Alternative Forms of Case Disposition.**

The Parties considered trial by magistrate judge and the use of the short trial program.  The Parties are still conferring on whether to consent to trial by magistrate judge.

**C.      Electronically Stored Information ("ESI")**

The Parties have conferred about the preservation and collction of ESI and have specifically discussed the importance of preserving electronic evidence, including but not limited potentially relevant text messages, as soon as possible. The Parties intend to submit an ESI protocol to the Court separately.

**D.      Electronic Evidence.**

The Parties have considered the possibility of presenting evidence to the jury in electronic format.  In the event that any electronic evidence is submitted by either party, the Parties understand that such evidence must be submitted in a format that is compatible with the Court's electronic jury evidence display system. The Parties will consult the Court's website or contact the courtroom administrator for instructions about how to prepare evidence in a format that meets these requirements.

**E.      Court Conference.**

The Parties do not request a conference with the Court before entry of the scheduling order.

*SIGNATURES ON NEXT PAGE TO COMPLY*

*WITH LR IA 6-2 and LR 26-1(b)(1)*

KAEMPFER
CROWELL

21734.2

1    KAEMPFER CROWELL                    LEX TECNICA, LTD.

2    [signature]

3    Robert McCoy, No. 9121              /s/ Scott T. Whitworth
     1980 Festival Plaza Drive, Suite 650   F. Christopher Austin, No. 6559
4    Las Vegas, Nevada 89135            Scott T. Whitworth, No. 15671
                                        10161 Park Run Drive, Suite 150
5    STEPTOE LLP                        Las Vegas, Nevada 89145
     Michael J. Allan *(pro hac vice)*
6    1330 Connecticut Ave., NW          Attorney for Defendants
     Washington, DC 20036               Fantastic Indoor Swap Meet, Inc. and
7                                       Arthur Lamensdorf, Jr.
     ZACHARIA LAW PLLC
8    John H. Zacharia *(pro hac vice)*
     1701 Pennsylvania Ave., NW, Suite 200
9    Washington, DC 20006

10   Attorneys for Plaintiff Louis Vuitton
     Malletier S.A.S.

11

12

13                      **ORDER**

14        IT IS SO ORDERED.

15                               [signature]

16             UNITED STATES MAGISTRATE JUDGE

17         DATED:      December 2, 2025

18

19

20

21

22

23

24