UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LOUIS VUITTON MALLETIER S.A.S., | Case No. 2:25-cv-01574-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| FANTASTIC INDOOR SWAP MEET, INC.; and ARTHUR LAMENSDORF, JR., | |
| Defendants. | |

The Court has before it Arthur Lamensdorf and Fantastic Indoor Swap Meet's Motion to Dismiss parts of Plaintiff's Complaint (the "Motion").[1] ECF No. 13. The Court considered the Motion, Opposition (ECF No. 17), and Reply (ECF No. 22).

**I.      Background Summary**

Defendants move to dismiss parts of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). Defendants argue Lamensdorf should be dismissed from this matter because Plaintiff alleges insufficient facts to state a claim based on vicarious liability for trademark infringement under specifically applicable law and the standard established by the Supreme Court decisions in *Ashcraft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Applying Nevada's four year statute of limitations to the trademark infringement claims, Defendants further argue that claims arising before August 22, 2021 are time barred. To this end, Defendants contend the continuing violations doctrine does not apply to the instant action.

Plaintiff responds that Defendants apply the wrong legal standard to determine if vicarious liability claim is sufficiently pleaded. Plaintiff distinguishes the test applicable to copyright infringement from the test applicable to trademark infringement stating trademark infringement requires a finding that the defendant and infringer (1) have an apparent or actual partnership, (2) the authority to bind one another involving transactions with third parties, or (3) exercise joint ownership

---

[1]      Arthur Lamensdorf ("Lamensdorf") and Fantastic Indoor Swap Meet (the "Swap Meet") are collectively referred to as the "Defendants."

or control over an infringing product. Pointing to numerous paragraphs in its Complaint, Plaintiff avers there are more than enough facts to state its vicarious liability claim.

Plaintiff further contends Defendants seek to dismiss portions of the two causes of action asserted in the Complaint—something it cannot do as a matter of law. Plaintiff contends, however, that even if this attempt by Defendants was "procedurally valid," Plaintiff is entitled to plead facts establishing "Defendants['] knowledge and intent" demonstrating "a continuing pattern of contributory and vicarious infringement spanning years …."

## II.    Discussion

a.    The Fed. R. Civ. P. 12(b)(6) and Continuing Violation Standards Applied to Plaintiff's Complaint.

The Court is authorized to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555. While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555.) "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

The Supreme Court in *Iqbal* establishes a two step approach when considering motions to dismiss. First, the Court must accept all well pleaded facts as true; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Recitals of the elements of a cause of action, when supported only by conclusory statements, are insufficient to state a claim. *Id.* at 678. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when a plaintiff alleges facts allowing the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. When claims in a complaint do not cross the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

       *i.*    *The Law Dismissing Part of a Single Claim and the Continuing Violation Doctrine.*

Federal Rule of Civil Procedure 12(b)(6) does not permit dismissing only a portion of a claim. *Redwind v. W. Union, LLC*, Case No. 3:18-cv-02094-SB, 2019 WL 3069864, at *4 (D. Or. June 21, 2019), *report and recommendation adopted*, Case No. 3:18-cv-2094-SB, 2019 WL 3069841 (D. Or. July 12, 2019) (collecting cases) ("Although Rule 12(b)(6) is the proper procedural mechanism to dismiss part of a complaint, many courts have recognized that a party may not use Rule 12(b)(6) to dismiss only part of a *claim.*") (emphasis in original); *see also Doe v. Napa Valley Unified Sch. Dist.*, Case No. 17-cv-03753-SK, 2018 WL 4859978, at *2 (N.D. Cal. Apr. 24, 2018) ("Defendants have not pointed to any authority demonstrating that it may attack portions of a single claim on a motion to dismiss.").

As established in *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 838 (9th Cir. 2002), and *Tingley v. Nev. Dep't of Corr.*, Case No. 3:14-cv-00358-MMD-VPC, 2016 WL 11448951, at *5 (D. Nev. June 8, 2016) (quoting *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001), the continuing violation doctrine does not apply when a plaintiff alleges separate, discrete acts of infringement occurring at different times and by different vendors.

       *ii.*    *Plaintiff's Pleadings.*

Plaintiff asserts two causes of action beginning at paragraph 50 of its Complaint including Contributory Trademark Liability and Vicarious Liability. ECF No. 1 ¶¶ 50-57. While these two causes of action incorporate the preceding facts, the claims themselves do not assert liability arising from events that occurred prior to August 22, 2021.[2] Plaintiff does not refute the case law cited by Defendants regarding Fed. R. Civ. P. 12(b)(6) or the continuing violations doctrine, but instead contends "Louis Vuitton's complaint alleges a continuing pattern of contributory and vicarious infringement spanning years …" and, "[a]s alleged, the challenged allegations also establish Defendants' willful intent in allowing such counterfeiting conduct to continue, both before and during Defendants' proffered statute of limitations period." ECF No. 17 at 7-8.

---

[2] Plaintiff offers no opposition to Defendants' assertion that Nevada's four year statute of limitation, under NRS 11.220, applies to this matter. Plaintiff commenced this case on August 22, 2025. ECF No. 1. Thus, the four year limitations period is applicable to claims arising before August 22, 2021.

       *iii.*    *Application and Conclusion.*

The Court finds Defendants cannot dismiss portions of Plaintiff's causes of action through a Rule 12(b)(6) motion.  Case law is abundantly clear that this Federal Rule of Civil Procedure does not provide a mechanism for doing so.  *Infa* at II(a)(i).

Regarding the continuing violation doctrine, this legal concept applies when a plaintiff's cause of action does not accrue until a series of wrongful acts blossoms into an injury on which suit can be brought.  *See Limestone Dev. Corp. v. Vill. of Lemont, Ill.,* 520 F.3d 797, 801 (7th Cir. 2008).  *See also Lynwood Investments CY Limited v. Konovalov*, Case No. 20-cv-03778-MMC, 2022 WL 3370795, at *10 (N.D. Cal. Aug. 16, 2022) *citing Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1192 (2013) ("The continuing violation doctrine aggregates a series of wrongs or injuries for purposes of the statute of limitations, treating the limitations period as accruing for all of them upon commission or sufferance of the last of them.").[3]  Plaintiff does not assert a cause of action in which a series of acts accumulated into sufficient wrongful conduct to state a claim.  Rather, Plaintiff states a series of known violation of law, which it documented in letters to Defendants.  Under these circumstances the Court finds the continuing violation doctrine does not apply.  However, this finding does not translate into barring Plaintiff from asserting facts that may support an alleged pattern of conduct necessary to establish a willful violation of trademark rights.

Based on the foregoing, the Court denies Defendants' Motion to the extent it seeks to dismiss those portions of Plaintiff's Complaint alleging wrongdoing that occurred prior to August 22, 2021.

       b.    <u>Defendants' Motion to Dismiss Lamensdorf.</u>

The Court begins by noting that Plaintiff titles its claim against Lamensdorf using the phrase "Vicarious Liability as to Defendant Lamensdorf—*All Counts*."  ECF No. 1 at 29 (emphasis added).  This leaves the Court unsure whether Plaintiff is alleging vicarious *and* contributory liability or just vicarious liability against Lamensdorf as Plaintiff's first count (cause of action) is titled "Contributory Trademark Liability."  *Id*. at 28.

---

[3]    *Lynnwood Investments*, 2022 WL 3370795, was *reversed in part and remanded in part on other grounds* by *Lynwood Investments CY Limited v. Konovalov*, 2024 WL 4688895 (9th Cir. 2024).

As indicated above, a claim for vicarious liability based on trademark infringement requires "a finding that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product." *Perfect 10, Inc. v. VISA International Service, Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007) *quoting Hard Rock Café Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1150 (7th Cir. 1992). As explained in *Y.Y.G.M. S.A. v. Redbubble, Inc.*, "[v]icarious liability for trademark infringement focuses on the legal relationship between the defendant and the directly infringing third party." Case No. 2:19-cv-04618-RGK-JPR, 2020 WL 3984528, at *7 (C.D. Cal. July 20, 2020) *citing* 4 McCarthy on Trademarks and Unfair Competition § 25:22 (5th ed.). The court in *Y.Y.G.M.* states: "Courts have strictly applied the test for vicarious trademark liability based on agency principles, and, unlike vicarious copyright liability, courts do not recognize vicarious liability in the trademark context based on ability to supervise in combination with a financial interest." *Id*. at *8 *quoting  Clearline Techs. Ltd. v. Cooper B-Line, Inc.*, 871 F. Supp. 2d 607, 613-14 (S.D. Tex. 2012).

The Ninth Circuit decision in *Fonovisa, Inc. v. Cherry Auction, Inc*., 76 F.3d 259, 264 (9th Cir. 1996) *citing Inwood Lab., Inc. v. Ives Lab., Inc.*, 456 U.S. 844, 854-55 (1982), found "contributory trademark liability is applicable if defendant (1) intentionally induces another to infringe on a trademark or (2) continues to supply a product knowing that the recipient is using the product to engage in trademark infringement." Defendants' Motion does not address "contributory liability" (ECF No. 13 at 6-8); thus, the Court treats the Motion as addressing vicarious liability only.

A review of Plaintiff's Complaint provides the following factual allegations:

- Lamensdorf "is the Director and President of the Fantastic Swap Meet" (ECF No. 1 ¶ 7);

- "Lamensdorf is the moving, active, and conscious force behind the Market's infringement of the Louis Vuitton's federally registered trademarks (*id*. ¶ 11);

- Defendants, including Lamensdorf, "provide all services necessary for their Tenants to operate" including "basic requirements such as space, security, parking, maintenance of the Market's grounds …, and restrooms" (*id*. ¶ 23);

- Defendants have the "right and ability to control their Tenants and/or the use of the space supplied to the Tenants" (*id*. ¶ 24);

- "Defendants govern the use of the space and how Tenants must conduct themselves" at the Swap Meet (*id*. ¶ 25);

- Defendants have not implemented rules, practices or procedures "in a good faith way that would reduce or eliminate the widespread sale of counterfeit goods" at the Swap Meet "even after Louis Vuitton provided detailed and specific notice to Defendants of the widespread sale of counterfeit goods" (*id*. ¶ 26);

- "Defendants had actual and constructive knowledge that its Tenants sold or offered for sale a substantial number of Counterfeit Louis Vuitton Products at the" Swap Meet (*id*. ¶ 40);

- Defendants "allowed counterfeiting to occur at the Market on a massive scale despite Louis Vuitton's (and other intellectual property owners') pleas to Defendants to 'clean up' the" Swap Meet (*id*. ¶ 41);

- "Defendants failed to supervise the … [Swap Meet] and curb counterfeiting at the … [Swap Meet] because Defendants would suffer economically if they were to evict their counterfeiting [t]enants or otherwise take action against [t]enants engaged in trademark counterfeiting" (*id*. ¶ 42);

- Defendants are "aware of, materially contributed to, and obtained a financial benefit from the sale of merchandise bearing counterfeits of intellectual property at the … [Swap Meet] (including Counterfeit Louis Vuitton Products).  Defendants reap substantial financial benefits derived from the sale of counterfeit items at the … [Swap Meet], including, but not limited to, increased customer traffic; numbers of Tenants; storefront/booth rental revenue; and value of their business" (*id*. ¶ 43); and

- "Defendants had an obligation to take all steps necessary to curb or end the sale, or offer for sale, of Counterfeit Louis Vuitton Products at the" Swap Meet (*id*. ¶ 45).

The above facts do not plead "an apparent or actual partnership" between Lamensdorf and any entity or person engaged in alleged infringing conduct; nor do these facts plead that Lamensdorf has the "authority to bind" another in any transaction or that he "exercises joint ownership or control over the infringing product."  Despite Plaintiff's argument that these facts establish joint control over the infringing products, the Court finds as currently pleaded, Plaintiff's allegations support Lamensdorf may exercise indirect control, but not the right or ability to control the *actual* infringing activity at issue—that is, the alleged *infringing use* of Plaintiff's trademark.  *Gibralter, LLC v, DMS Flowers, LLC*, Case No. 1:24-cv-00174-CDB, 2025 WL 2623293, at *9 (E.D. Cal. Sept. 11, 2025).

Thus, Defendants' Motion to Dismiss the vicarious liability claim against Lamensdorf is granted.  However, given that discovery is ongoing through July, 2026, the Court *sua sponte* grants Plaintiff leave to amend to attempt to plead a vicarious liability claim against Arthur Lamensdorf.  *Kozlowski v. Stroomberg*, Case No. 2:13-cv-00291-JAM-DAD, 2013 WL 5883672, at *5 (E.D. Cal. Aug. 21, 2013) *citing Lonberg v. City of Riverside*, 300 F.Supp.2d 942, 945 (C.D. Cal. 2004) ("Like a motion made pursuant to 12(b)(6), a district court may in its discretion grant a motion for judgment

on the pleadings with leave to amend.").  Plaintiff must consider the test for vicarious liability as stated in *Perfect 10,* and allege sufficient facts, if it chooses to amend, to establish a facially valid claim.

**III.    Order**

Based on the foregoing, IT IS HEREBY ORDERED that Defendants Fantastic Indoor Swap Meet, Inc. and Arthur Lamensdorf Jr.'s Partial Motion to Dismiss Complaint (ECF No. 13) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's Second Cause of Action against Arthur Lamensdorf.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss is otherwise DENIED.

IT IS FURTHER ORDERED that Plaintiff may, if it so chooses, file a First Amended Complaint no later than **March 10, 2026**.  If filed, the responsive pleading is due no later than **March 24, 2026**.

IT IS FURTHER ORDERED that if Plaintiff does not file a First Amended Complaint, Defendant's Answer to Plaintiff Complaint, as it remains operative following this Order, is due **March 24, 2026**.

Dated this 24th day of February, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE