MC LAW NEVADA
Robert McCoy, No. 9121
1775 Village Center Circle, Suite 110
Las Vegas, Nevada 89134
(702) 570-5435
rob@mclawnevada.com

STEPTOE LLP
Michael J. Allan (*pro hac vice*)
Cannon M. Jurrens (*pro hac vice*)
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000
mallan@steptoe.com
cjurrens@steptoe.com

ZACHARIA LAW PLLC
John H. Zacharia (*pro hac vice*)
1701 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006
(202) 845-5091
john@zacharialaw.com

Attorneys for Plaintiff Louis Vuitton Malletier S.A.S.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LOUIS VUITTON MALLETIER S.A.S.,<br><br>Plaintiff,<br><br>vs.<br><br>FANTASTIC INDOOR SWAP MEET, INC., ARTHUR LAMENSDORF, JR., DOUG KAYS, and DAVID PRESENT,<br><br>Defendants. | Case No. 2:25-cv-01574-EJY<br><br>**JOINT MOTION TO EXTEND CASE DEADLINES**<br><br>**(THIRD REQUEST)** |

## I. INTRODUCTION

Louis Vuitton Malletier S.A.S. ("Louis Vuitton") and Fantastic Indoor Swap Meet, Inc. Arthur Lamensdorf, Jr., Doug Kays, and David Present ("Defendants") (together, the "Parties") jointly move, pursuant to Fed. R. Civ. P. 16(b)(4) and LR 26-3 and 26-4, for an order extending by 60 days the discovery and related case deadlines set forth in the Court's current scheduling order (ECF No. 55, adopting the schedule proposed on page 7 of ECF No. 45).

The Parties have conferred regarding outstanding discovery issues. Defendants have agreed to substantially complete production of all documents they previously committed to produce on or before September 15, 2026. These documents fall outside the scope of the pending motion to compel, and the Parties do not seek by this motion to affect the briefing or resolution of that motion. Because that production will be completed only shortly before the current fact discovery cutoff on September 28, 2026, the Parties require additional time to review the productions, take depositions, and complete expert discovery. Good cause supports the requested extension, as set forth below.

## II. MEET AND CONFER CERTIFICATION

Counsel for the Parties have met, conferred, and agreed to the relief requested in this motion. This motion is filed jointly and is unopposed. Pursuant to LR 26-3, any request to extend a discovery deadline must be filed no later than 21 days before the subject deadline. This motion is filed on September 4, 2026 and therefore satisfies the requirements of LR 26-3.

## III. RELEVANT PROCEDURAL BACKGROUND

On August 22, 2025, Louis Vuitton filed this trademark action, alleging that goods bearing Louis Vuitton trademarks were offered for sale by vendors at the Fantastic Indoor Swap Meet. ECF No. 1.

On October 21, 2025, Defendants Fantastic Indoor Swap Meet, Inc. and Arthur Lamensdorf, Jr. filed a partial motion to dismiss the complaint. ECF No. 13. That motion was fully briefed (ECF Nos. 17, 22) and, on February 24, 2026, the Court granted it in part, denied it in part, and granted Louis Vuitton leave to amend. ECF No. 24.

On March 10, 2026, Louis Vuitton filed an amended complaint, adding Douglas Kays and David Present as individual defendants. ECF No. 25 (corrected amended complaint at ECF No. 57). On April 7, 2026, the individual Defendants filed a partial motion to dismiss the amended complaint, which remains pending. ECF No. 34.

The Court entered the Parties' stipulated discovery plan and scheduling order on December 2, 2025. ECF No. 21. On April 9, 2026, the Parties filed their first stipulated request to extend the case deadlines, which the Court granted. ECF Nos. 36, 38.

On June 9, 2026, Defendants filed their second motion to extend discovery and other case deadlines. ECF No. 45. On August 12, 2026, the Court entered a minute order (ECF No. 55) granting the extension and adopting the deadlines proposed on page 7 of ECF No. 45. In that order, the Court expressly invited the parties to meet and confer or submit a joint request if further extensions

of discovery were needed, and offered a scheduling conference to discuss scheduling deadlines.

## IV. CURRENT SCHEDULING ORDER DEADLINES

The current scheduling order deadlines are as follows:

| EVENT | CURRENT DEADLINE |
|---|---|
| Fact Discovery Cutoff | September 28, 2026 |
| Amend Pleadings / Add Parties | September 28, 2026 |
| Initial Expert Disclosures | October 13, 2026 |
| Rebuttal Expert Disclosures | November 12, 2026 |
| Close of Discovery | December 14, 2026 |
| Dispositive Motions | January 12, 2027 |
| Joint Pretrial Order | February 16, 2027 |

## V. GOOD CAUSE FOR THE REQUESTED EXTENSION

Good cause supports the requested 60-day extension of the current scheduling order deadlines. The parties jointly represent as follows:

The Parties have continued to work cooperatively and in good faith to complete document discovery and schedule depositions.

Defendants have agreed to substantially complete production of all documents they previously committed to produce on or before September 15, 2026. To be clear, these documents fall outside the scope of the pending motion to compel, and the Parties do not seek by this Motion to affect the briefing or resolution of that motion.

In addition, because the agreed upon production is being completed only shortly before the current fact-discovery cutoff of September 28, 2026, the Parties require an additional 60 days to review the productions, take fact depositions (including of the individual Defendants and corporate representatives), pursue any additional third-party discovery, and complete initial and rebuttal expert disclosures and depositions.

Furthermore, the requested 60-day extension is made jointly and cooperatively, is not made for the purpose of delay, and will not prejudice any party. No trial date has been set in this case. Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" inquiry "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). More generally, "requests for extensions of time made before the applicable deadline has passed should normally … be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party," and good cause is "a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (citations and internal quotation marks omitted). Each consideration favors the requested extension here.

Finally, the Court's August 12, 2026 Minute Order (ECF No. 55) expressly invited the Parties to "meet and confer or submit a joint request" if further extensions were needed. The Parties have done precisely that, and respectfully submit this joint Motion in response to the Court's invitation.

## VI. STATEMENTS REQUIRED UNDER LR 26-3

In accordance with LR 26-3, the Parties provide the following statements.

### A. Discovery Completed.

The following discovery and related proceedings have occurred to date:

(1) The parties exchanged initial disclosures on December 8, 2025;

(2) Louis Vuitton served its first set of interrogatories and first requests for production on Defendants on January 23, 2026, to which Defendants responded on March 9 and March 11, 2026;

(3) Defendants served their first set of interrogatories and first requests for production on Louis Vuitton on February 24, 2026, to which Louis Vuitton responded on April 9, 2026;

(4) The Parties negotiated and obtained entry of a stipulated protective order on March 31, 2026 (ECF Nos. 32, 33);

(5) Louis Vuitton served its first set of interrogatories to Defendants Kays and Present individually on May 4, 2026, to which Defendants responded on June 4, 2026;

(6) The Parties have commenced and are continuing rolling document productions that now exceed 60,000 documents; and

(7) The Parties have met and conferred and exchanged correspondence regarding discovery, including Louis Vuitton's May 12, 2026 deficiency letter, Defendants' May 19, 2026 response, and Defendants' further response and supplemental productions on June 4, 5, and 8, 2026.

**B. Pending Written Discovery Requests.**

(1) Louis Vuitton served its first set of requests for production to Defendants Kays and Present on August 28, 2026;

(2) Louis Vuitton served a second set of requests for production to Defendant Lamensdorf on August 28, 2026; and

(3) Louis Vuitton served a second set of interrogatories on Defendant Fantastic Indoor Swap Meet, Inc. on August 29, 2026.

**C. Discovery Remaining.**

The following discovery remains to be completed:

(1) completion of Defendants' remaining rolling document production by September 15, 2026, including: (a) Booth Tracker records for the vendors identified by Louis Vuitton in its notice letters, for the relevant period; (b) financial information relevant to Louis Vuitton's statutory-damages claims, including any business, marketing, financial-planning, or forecasting documents that Defendants indicated they were determining whether they possessed; (c) personnel and management records relating to anti-counterfeiting enforcement, including documents reflecting the identity, roles, responsibilities, and dates of involvement of individuals responsible for management, security, oversight, counterfeit enforcement, training, and disciplinary measures relating to counterfeit enforcement; (d) notices of counterfeiting or infringement involving other brands, together with responsive enforcement records that Defendants represented are captured within their counterfeit-enforcement document categories; (e) documents predating August 22, 2021 concerning notice of counterfeiting and Defendants' enforcement efforts, which Defendants represented they would produce and/or

consider producing as relevant to notice and willfulness issues; (f) corporate governance, ownership, and organizational records, including articles of incorporation, bylaws, board resolutions, officer-title resolutions, and ownership records; (g) advertising and promotional materials, including materials associated with the "We've Got It" campaign, media-buy records, and responsive social-media materials to the extent located and preserved; (h) the True Investigations / Roy Guill investigative file, including engagement materials, inspection reports, photographs, and related communications; (i) Counterfeit-enforcement records, including the Alleged Offenders Log and any additional responsive enforcement records maintained by Defendants; (j) warning letters, violation notices, enforcement correspondence, and follow-up communications with tenants concerning trademark enforcement and counterfeit-merchandise issues, including Defendants' responses to relevant demand letters; (k) responsive text messages and other mobile-device content, which Defendants represented were under review and would be produced on a rolling basis, (l) document-retention-policy materials, including any written document-retention policy or, alternatively, a statement confirming non-existence after reasonable inquiry, along with any workflow or system-level documentation reflecting retention practices;

(2) resolution of pending discovery disputes through the parties' ongoing meet-and-confer efforts;

(3) resolution of Louis Vuitton's pending motion to compel (ECF No. 47);

(4) depositions of the individual Defendants and corporate representatives (to occur after Defendants' document productions are completed; the parties are currently negotiating dates for these);

(5) any additional written and third-party discovery the Parties deem necessary; and

(6) initial and rebuttal expert disclosures and expert depositions.

**D. Proposed Revised Schedule.**

The Parties propose that the Court extend the current deadlines by 60 days, as follows:

| EVENT | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Fact Discovery Cutoff | September 28, 2026 | November 25, 2026 |
| Amend Pleadings / Add Parties | September 28, 2026 | November 25, 2026 |
| Initial Expert Disclosures | October 13, 2026 | December 14, 2026*[*] |
| Rebuttal Expert Disclosures | November 12, 2026 | January 11, 2027 |
| Close of Discovery | December 14, 2026 | February 12, 2027 |
| Dispositive Motions | January 12, 2027 | March 15, 2027* |
| Joint Pretrial Order | February 16, 2027 | April 19, 2027* |

Consistent with LR 26-1(b)(5), the deadline for the joint pretrial order will be suspended if a timely dispositive motion is filed.

[*] Dates marked with an asterisk have been adjusted to the next business day (Monday) because the sixtieth calendar day falls on a Saturday, pursuant to Federal Rule of Civil Procedure 6(a)(1)(C).

MC LAW

## VII. CONCLUSION

For these reasons, the Parties jointly request that the Court grant this motion and extend the discovery and related case deadlines by 60 days as set forth in the proposed revised schedule above.

MC LAW NEVADA

[signature]

Robert McCoy, No. 9121
1775 Village Center Circle, Suite 110
Las Vegas, Nevada 89134

STEPTOE LLP
Michael J. Allan (*pro hac vice*)
Cannon M. Jurrens (*pro hac vice*)
1330 Connecticut Avenue, NW
Washington, DC 20036

ZACHARIA LAW PLLC
John H. Zacharia (*pro hac vice*)
1701 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006

Attorneys for Plaintiff Louis Vuitton Malletier S.A.S.

LEX TECNICA, LTD.

s/ F. Christopher Austin
F. Christopher Austin, No. 6559
Nicholas R. Anderson, No. 13815
Scott T. Whitworth, No. 15671
10161 West Park Run Drive, Suite 150
Las Vegas, Nevada 89145

Attorneys for Defendants Fantastic Indoor Swap Meet, Inc., Arthur Lamensdorf, Jr., Doug Kays, and David Present

**ORDER**

IT IS SO ORDERED.

[signature]

UNITED STATES MAGISTRATE JUDGE

DATED: September 5, 2026



MC LAW